IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                          Case No. 4:16-cr-00276-01 KGB

RAMIRO CORTEZ                                                           DEFENDANT

**ORDER**

Before the Court is defendant Ramiro Cortez's most recent motion to reduce his sentence under § 3582(c)(2) and the retroactivity of amendment 782 (Dkt. No. 82). The government responded in opposition (Dkt. No. 85). For the following reasons, the Court denies Mr. Cortez's motion to reduce his sentence (Dkt. No. 85). Previously, Mr. Cortez filed a writ of *habeas corpus*, which this Court denied (Dkt. Nos. 67, 69), and he filed a motion to reduce his sentence, which the government opposed and the Court denied (Dkt. Nos. 75, 79, 80).

**I.      Background**

On May 9, 2018, Mr. Cortez pled guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Dkt. Nos. 43, 44). On November 1, 2018, this Court sentenced Mr. Cortez to 213 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 62, 65).

In the pending motion, Mr. Cortez alleges that he is entitled a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because Amendment 782 to the United States Sentencing Guidelines lowered the base offense level for his offense. The government opposes the motion due to the language in Mr. Cortez's plea agreement waiving the ability to challenge his sentence under 18 U.S.C. § 3582(c)(2), because the government maintains he is not entitled to the reduction under this provision, and because Mr. Cortez may not make a claim of ineffective assistance of counsel

without first obtaining permission of the Eighth Circuit Court of Appeals to file a second or successive habeas petition.

II.     Discussion

   A.     Waiver

Mr. Cortez entered into a plea agreement, pursuant to which he pled guilty to count one of the superseding indictment which charged conspiracy to distribute and possess with intent to distribute methamphetamine actual (Dkt. No. 44). Pursuant to language in the plea agreement, Mr. Cortez waived "the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2)." (Dkt. No. 44, at 3). For this reason, Mr. Cortez waived his ability to bring a challenge through this type of motion. Such waiver paragraphs are usually enforceable. *See United States v. Morago*, 777 F. Appx. 175, 176 (8th Cir. 2019) (Mem.) (unpublished) (upholding a similar waiver provision). The Court denies his pending motion on the basis of waiver (Dkt. No. 82).

   B.     Meritless Claim

Even if this Court were to consider the merits of Mr. Cortez's motion, he would not be entitled to the relief he seeks because his claim is meritless. He asserts that he is entitled to a reduction of his sentence because Amendment 782 of the United Staes Sentencing Guidelines lowered the base offense level by two levels for the offense for which he was convicted. However, Amendment 782 became effective November 1, 2014, and Mr. Cortez pled guilty on May 9, 2018, and was sentenced on November 1, 2018 (Dkt. Nos. 44, 62, 65). Any benefit to be derived from Amendment 782 had already been applied by the time Mr. Cortez pled guilty and

was sentenced. The Court confirms this conclusion by examining Mr. Cortez's Presentence Investigation Report, the United States Sentencing Guidelines, and the base offense level for this offense of conviction over time, given the effective date of Amendment 782 and the date of Mr. Cortez's plea and sentence. Because Amendment 782 had already been applied to Mr. Cortez's offense of conviction under the United States Sentencing Guidelines, even if the Court were to consider the merits of Mr. Cortez's motion, the Court would deny Mr. Cortez's request for the Court to base any further reduction in his sentence on Amendment 782.

### C.     Inability To Bring Successive Habeas Petition Without Permission

To the extent Mr. Cortez files the current motion in an effort to raise a claim of ineffective assistance of counsel (*see* Dkt. No. 82, at 3), such a claim must be raised in a 28 U.S.C. § 2255 petition. However, Mr. Cortez previously filed a 28 U.S.C. § 2255 petition that this Court denied (Dkt. Nos. 67, 69). Therefore, Mr. Cortez will have to obtain the permission of the Eighth Circuit Court of Appeals before he may pursue a second 28 U.S.C. § 2255 petition. *See* 28 U.S.C. § 2255(h). There is no indication in the record before the Court that Mr. Cortez has sought and received such permission. For these reasons, this Court may not consider his claim of ineffective assistance of counsel at this time.

### III.    Conclusion

For all of these reasons, the Court denies Mr. Cortez's most recent motion to reduce sentence (Dkt. No. 82).

So ordered this 18th day of August, 2025.

_____
Kristine G. Baker
Chief United States District Court Judge